UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JHON PIPA-AQUISE,<br>*Petitioner*,<br><br>v.<br><br>PAMELA BONDI ET AL.,<br>*Respondents.* | No. 1:25-cv-01094-MSN-WBP |

**ORDER**

This matter comes before the Court on Petitioner Jhon Pipa-Aquise's petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"). ECF 5. Petitioner is a native and citizen of Peru, who entered the United States unlawfully on May 16, 2021, and was placed in expedited removal proceedings. *Id.* ¶ 2; ECF 7-1 (Mullan Decl.) ¶¶ 5–7. Petitioner has established a credible fear of returning to Peru and his asylum application hearing is scheduled for August 6, 2025. ECF 5 ¶ 2. Although Petitioner was released from Department of Homeland Security ("DHS") custody on parole following his initial detention in Louisiana in August 2021,[1] Immigration and Customs Enforcement ("ICE") re-detained Petitioner and placed him in custody again on May 21, 2025. ECF 7 at 6.

On July 1, 2025, Petitioner filed a 2241 petition in this Court. ECF 1. On July 8, 2025, this Court ordered Respondents to show cause why the Petition should not be granted. ECF 2. The parties thereafter filed a joint motion to amend the briefing schedule, indicating that Petitioner planned on filing an amended petition. ECF 3. The Court granted that motion and Petitioner filed an amended Petition on July 18, 2025. ECF 5. In his amended Petition, Petitioner asserts that his

[1] DHS has discretionary parole authority under 8 U.S.C. § 1182(d)(5)(A).

detention from May 2025 until the present violates the Fifth Amendment to the U.S. Constitution and he should therefore be immediately released or provided a bond hearing. ECF 5 at 22. Respondents filed their response to the Petition on July 23, 2025, opposing both release and a bond hearing. The matter is therefore ripe for disposition. For the reasons set forth below, the Court will deny the Petition.

First, the Court must determine what statute authorizes Petitioner's detention. This Court finds that Petitioner is properly detained under 8 U.S.C. § 1225(b) as an "applicant for admission." "An alien who 'arrives in the United States,' or is 'present' in this county but 'has not been admitted,' is considered an 'applicant for admission'…." *Abreu v. Crawford*, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025). Petitioner contends that he is detained under 8 U.S.C. § 1226(a) instead, ECF 5 ¶ 38, but Section 1226 generally governs the process of arresting and detaining aliens "*already* present in the United States" pending their removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (emphasis added). And although Petitioner was paroled and later re-detained, that does not change his status as an "applicant for admission" under Section 1225. *See Abreu*, 2025 WL 51475, at *4 (finding that an "arriving alien['s]" "subsequent parole did not change his status"); *see also Mbalivoto v. Holt*, 527 F. Supp. 3d 838, 844 (E.D. Va. 2020) ("[P]arole … shall not be regarded as an admission of the alien." (internal quotation and citation omitted)).[2]

Section 1225(b) provides for *mandatory* detention pending an asylum application. *See* U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution…, the alien *shall* be detained for further consideration of the application for asylum." (emphasis added)). Although such detention is mandatory, it is not

[2] The fact that DHS did not mark Petitioner as an "arriving alien" on his 2021 Notice to Appear does not change the Court's analysis. The Court concludes that Petitioner is, by law, an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b).

indefinite. *See Jenning,* 583 U.S. at 299 ("[D]etention must continue until immigration officers have finished "consider[ing]" the application for asylum, § 1225(b)(1)(B)(ii), or until removal proceedings have concluded, § 1225(b)(2)(A)."). "Once those proceedings end, detention under § 1225(b) must end as well." *Id.*

Notwithstanding this statutory framework, Petitioner contends that due process mandates his release *or* a bond hearing. This Court finds that he is entitled to neither. "[A]n entering alien has only those rights concerning his admissibility as Congress has statutorily provided." *Mbalivoto*, 527 F. Supp. 3d at 845. And because Petitioner's detention complies with the relevant statutes, namely Section 1225(b), "the Due Process Clause provides nothing more." *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Although this Court has recognized that bond hearings may be required for those detained under 8 U.S.C. § 1225(b) when their "continued detention … becomes unreasonable and constitutionally infirm without one," *Mbalivoto*, 527 F. Supp. 3d at 850 & n. 12, Petitioner's two-month detention does not reach that threshold.[3] Accordingly, it is hereby

**ORDERED** that the amended petition (ECF 5) is **DENIED**.

It is **SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

August 5, 2025
Alexandria, Virginia

[3] This Court relies on the five-factor balancing test set forth in *Portillo v. Hott*, 322 F. Supp. 3d 698, 707 (E.D. Va. 2018) to determine when prolonged detention without a bond hearing violates due process. *See Abreu*, 2025 WL 51475, at *5. Those factors do not compel a bond hearing here, especially where the first and "most important" factor—length of detention—is minimal. *Id.* at *7.